UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PBC MANAGEMENT, INC. | CIVIL ACTION |
| VERSUS | NO. 10-798 c/w 10-829 |
| ADAM ROBERSON | SECTION "F" (3) |

ORDER

Before the Court is Plaintiff's Motion for Protective Order [Doc. #51]. Defendant Adam Roberson opposes the motion. For the following reasons, the Court grants in part and denies in part Plaintiff's Motion for Protective Order [Doc. #51].

I.     Background

On August 11, 2009, while working for plaintiff PBC Management, Inc. ("PBC") aboard the M/V COREY QUEBODEAUX, Roberson hurt his back while carrying groceries. PBC paid Roberson's maintenance and cure, and the parties executed a Receipt, Release and Hold Harmless Agreement. Roberson was released to full duty on October 10, 2009, and he returned to work on November 6, 2009. That same day, Roberson claims to have re-injured his back while carrying groceries.

PBC contends that Roberson's November 6 injury is a recurrence of his August 11 injury, and the claims have been released by way of settlement. PBC thus filed this declaratory judgment

action on March 5, 2010, seeking a declaratory judgment that it owes no past, present or future maintenance and cure benefits. Not to be outdone, four days later, Roberson filed a Jones Act suit against PBC, alleging that he was injured due to PBC's negligence and the unseaworthiness of the vessel.

PBC now seeks a protective order as to a subpoena that Roberson propounded on John Drew Aucoin Claims Services. PBC alleges that the subpoena seeks the production of information protected by the work-product and attorney-client privileges. PBC submitted the documents to the Court for *in camera* review. The Court then took the motion under advisement on the briefs.

**II.      Law and Analysis**

Federal Rule of Civil Procedure 26(c) establishes the standard for evaluating a request for a protective order. Under Rule 26(c), a court, "upon good cause shown . . . may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. . . . " Fed. R. Civ. P. 26(c) (2000).

The good cause requirement of Rule 26(c) places the burden on the movant to show the necessity for the issuance of a protective order. The rule "contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." Fed. R. Civ. P. 26(c)(5) (emphasis added); *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998); *United States v. Garrett*, 571 F.2d 1323, 1326 n.3 (5th Cir. 1978).

   **A.      The Work-Product Doctrine**

PBC first argues that the work-product doctrine protects Aucoin's entire file from production. The work-product doctrine is "distinct from and broader than the attorney-client privilege." *United States v. Nobles*, 422 U.S. 225, 238 n.11 (1975). Rule 26(b)(3) protects against the discovery of

2

"work product," which is defined as documents and tangible things that have been prepared in anticipation of litigation or for trial by or for a party or a party's representative, including the party's consultant.  Fed. R. Civ. P. 26(b)(3).  The burden of demonstrating the applicability of the work-product protection rests on the party invoking it.  *Hodges, Grant & Kaufmann v. U.S. Gov't, Dept. of the Treasury, I.R.S.*, 768 F.2d 719, 721 (5th Cir. 1985).

A court must initially determine whether the documents were prepared in anticipation of litigation; the mere fact that litigation eventually ensues does not, in and of itself, protect all documents related to the subject matter of the litigation.  *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109 (7th Cir. 1983).  A document is only considered work product if it is primarily concerned with legal assistance.  *Loctite Corp. v. Fel-Pro, Inc.*, 667 F.2d 577, 582 (7th Cir. 1981).  Further, work-product protection only applies to materials prepared in anticipation of litigation which set "forth the attorney's theory of the case and his litigation strategy."  *Nat'l Labor Relations Bd. v. Sears, Roebuck & Co.,* 421 U.S. 132, 154 (1975).

Rule 26(b)(3) regulates the scope of the allowable discovery of attorney work product and instructs the court to "protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation."  Fed. R. Civ. P. 26(b)(3).  A party may only obtain discovery of documents prepared in anticipation of litigation or for trial upon showing that the party seeking discovery (1) has substantial need of the materials to prepare for his or her case and (2) can not obtain the substantial equivalent of the materials by other means without undue hardship.  *Id.*   The "work-product rule accords special protection to work product revealing the attorney's mental processes."  *Herwig v. Marine Shale Processors, Inc.,* Civ. A. No. 92-2753, 1994 WL 10156 (E.D. La. Jan. 11, 1994).

PBC argues that the entire file assembled by Aucoin is protected by the work-product privilege. PBC submitted the entire file to the Court *in camera* as two exhibits to its motion. Exhibit 2 contains documents that PBC has already produced to Roberson. It contains: (1) factual notes by Aucoin; (2) crew employee data sheets; (3) Roberson's medical records from Lake Regional Health System; (4) the Accident and Injury Report, signed by Roberson to release medical information; (5) a physician's report from the Redi-Med Clinic & Occupational Health Center; (6) a letter from counsel for Roberson to Florida Marine, L.L.C.[1] in which counsel seeks discovery; (7) a copy of a check to Roberson in the amount of $2,000.00; (8) a 12-page transcript of a telephone discussion between Roberson and Aucoin regarding a Receipt, Release and Hold Harmless Agreement; and (9) the Receipt, Release and Hold Harmless Agreement.

Assuming for purposes of this Order that this material was prepared in anticipation of litigation, the Court does not find that the work-product doctrine protects any of the material in Exhibit 2.[2] None of the material listed above contains the mental impressions, conclusions, opinions, or legal theories of an attorney or of Aucoin. Indeed, the Court can not fathom under what circumstances the work-product doctrine would protect, *inter alia*, a transcript of a conference between Aucoin and *plaintiff*. Neither can the Court find that the work-product doctrine would

---

[1] Although unclear from the pleadings and memoranda, it appears that although employed by PBC, Roberson was working for Florida Marine, L.L.C. or Florida Marine Transporters, Inc. on the dates of his injuries.

[2] As noted above, PBC produced the materials in Exhibit 2 to Roberson. The Court notes that more than once, the Fifth Circuit has held that the mere voluntary disclosure of work-product to a third person is insufficient in itself to waive the work product privilege. *See In re Grand Jury Proceedings*, 43 F.3d 966, 970 (5th Cir. 1994); *Shields v. Sturm, Ruger & Co.*, 864 F.2d 379, 382 (5th Cir. 1989); *see also Varel v. Banc One Capital Partners, Inc.*, No. CA3:93-CV-1614-R, 1997 WL 86457 *2 (N. D. Tex. Feb. 25, 1997). Indeed, neither party addressed waiver.

protect a letter from *counsel for plaintiff* to Florida Marine, L.L.C.  Even Aucoin's factual notes reveal no legal impressions, strategies or opinions.  The notes simply recite the facts after what appears to have been an interview with plaintiff.  Simply put, plaintiff was correct in its initial production of this material to defendant because the work-product doctrine does not protect them.[3]

Exhibit 3 contains e-mail chains dated September 10, 2009, October 20, 2009, August 29, 2010, September 1, 2010 (with an attachment labeled "Schedule of Expenses") and September 23, 2010.   PBC has not produced these e-mails to Roberson.  PBC withheld these documents and included them in a privilege log produced to plaintiff.  PBC argues that the work-product doctrine protects these documents from disclosure.  Roberson disputes this, arguing that PBC has failed to meet its burden that the documents were prepared in anticipation of litigation.  The Court rejects Roberson's argument.

Attached to PBC's motion as Exhibit 4 is the affidavit of Janice Tyson, the claims manager for PBC, which is the employment company for Florida Marine Transporters, Inc.  Tyson handles all claims of accidents and injuries to PBC's employees.  (Ex. 4 at ¶ 2, attached to Pl.'s Mot. Protective Order).  Tyson handled all aspects of Roberson's injury claim until September 10, 2009.  (*Id.* at ¶ 6).  On that date, Tyson retained Aucoin to assist her in handling Roberson's claims.  (*Id.* at ¶ 7).  Tyson attests that she only retains Aucoin when she feels that an employee's claim of injury runs a significant risk of leading to litigation.  (*Id.* at ¶ 8).

While Roberson challenges the statements in Tyson's affidavit, he submits no evidence to the Court to rebut her statements.  *See, e.g., Prebena Wire Bending Mach. Co. v. Transit Worldwide*

---

[3]  With regard to the crew employee data sheets, the Court notes that these documents contain financial and other information personal to non-parties to this litigation. Accordingly, the Court finds that neither party in this suit may disseminate the crew employee data sheets outside the confines of this litigation.

*Corp.*, No. 97 Civ. 9336, 1999 WL 1063216, *4 (S.D.N.Y. Nov. 23, 1999) (noting that defendant had established that work-product doctrine protected disputed documents from disclosure after it submitted unrebutted affidavit to court). The Court finds that the affidavit sufficiently establishes Tyson's unilateral belief that litigation was likely. *See Rexford v. Olczak*, 176 F.R.D. 90, 91 (W.D.N.Y. 1997) ("'[W]hether material is prepared "in anticipation of litigation" turns on whether the preparing party had a unilateral belief that litigation was likely and whether that belief was reasonable.'"). The Court also finds that Tyson's belief was reasonable. While PBC did not sue for declaratory judgment until March 5, 2010, the letter dated December 4, 2009 in Exhibit 2 clearly indicates that Roberson had retained counsel before that date. "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor. . . making materials more likely to have been prepared in anticipation of litigation." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000). The Court finds that Roberson's counsel's retention before December 4, 2009 weighs in favor of finding that the e-mails were prepared in anticipation of litigation. Moreover, most of the e-mails were written after litigation had ensued. *See, e.g., Mack v. GlobalSantafe Drilling Co.*, No. Civ. A. 04-3461, 2006 WL 980746, *3 (E.D. La. Apr. 11, 2006) (noting that documents created after filing of lawsuit protected by work-product doctrine).

      The Court also finds that the e-mails in Exhibit 3 contain the mental impressions, conclusions, opinions, or legal theories of an attorney or of Aucoin. The e-mails discuss various theories of addressing Roberson's injury claims and theories on Roberson's injuries. The work-product doctrine protects the e-mails in Exhibit 3. Accordingly, the Court finds good cause under Rule 26 for a protective order here because the documents in Exhibit 3 are protected by the work-

product doctrine.[4]

### III.     Conclusion

For the foregoing reasons, the Court grants in part and denies in part Plaintiff's Motion for Protective Order [Doc. #51].

New Orleans, Louisiana this 28th day of October, 2010.

                                                        _____
                                                        **DANIEL E. KNOWLES, III**
                                                        **UNITED STATES MAGISTRATE JUDGE**

---

[4]     PBC also argues that the attorney-client privilege prohibits the disclosure of the documents in Exhibit 3. Because the Court finds that the work-product doctrine protects such documents, the Court does not address the applicability of the attorney-client privilege.